CASTILLO, Judge (specially concurring). {30} I write specially on the holding of the majority that the State bore the burden to seek a judge pro tempore when it became apparent that the delay due to judge assignment would be lengthy. Defendant argues that “where a mechanism exists to bring a defendant to trial, the [s]tate has a duty to use it.” Lujan, 2003-NMCA-087, ¶ 15, 134 N.M. 24, 71 P.3d 1286. The mechanism relied on by Defendant is Article VI, Section 15 of the New Mexico Constitution, which allows the Supreme Court to appoint a pro tempore judge on a case, and Section 15(D) of that article which allows parties to select their own judge pro tempore without involving the Supreme Court. While I agree the constitutional provisions allow for appointment of a judge pro tempore, the Defendant in this case does not cite to authority that would require the State to request a judge pro tempore under these circumstances. Further, Defendant does not explain how such a mechanism would operate — at what point in time is the State required to petition the Supreme Court for a judge pro tempore or seek a substitute judge on its own? Defendant’s answer — requiring the State to find a judge to try the case — is not a workable solution for the problem of empty judicial divisions and could conceivably cause more delay by the time the newly appointed trial court found time for a ease on its docket. {31} Although I disagree with my brethren on the issue of requesting appointment of a judge pro tempore, I do agree that the delay between February 10, 2006, and April 21, 2006, weighs against the State. “This delay falls within the administrative burdens on the criminal justice system, such as overcrowded courts, congested dockets or the unavailability of judges, or an understaffed prosecutor’s office.” Garza, 2009-NMSC-038, ¶ 29, 146 N.M. 499, 212 P.3d 387 (citations omitted). This type of delay has been described as negligent by our Supreme Court. See id. (identifying delay that resulted from “the multiple reassignment of judges” as negligent).